IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
LENORE BEASLEY, et al : CASE NO. 1:06 CV 2405
:
Plaintiffs :
:
-vs- :
:
ALLIED WASTE INDUSTRIES, INC., et : MEMORANDUM OF OPINION AND
al : ORDER GRANTING DEFENDANT'S
: MOTION TO DISMISS
Defendants :
------------------------------------------------------- 

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This case is before the Court on the Defendant Allied Waste Industries' ("Allied") motion to dismiss filed on 27 October 2006. Plaintiffs Lenore Beasley, administrator for deceased Beller Hardaway, Jr. ("Decedent"), LaTasha Hardaway, Sabrina Hardaway and Beller C. Hardaway, Sr. ("Plaintiffs") filed a response in opposition on 17 November 2006 and Allied replied on 21 November 2006. For the following reasons, the Court will grant Allied's motion to dismiss.

On 12 August 2002, Decedent died when the garbage truck he was riding in crashed in Carlisle Township, Lorain County, Ohio. Defendant Allied Waste employed decedent at the time of the crash. Plaintiff alleges the Defendant "knew with substantial certainty that the garbage truck in which the Decedent was a passenger, was defective, not fit for ordinary use upon the roadways and highways . . . and forced Decedent to operate or be a passenger in said unsafe and dangerous garbage truck." (Docket No. 1

at 4). Plaintiff brings an "employer-intentional tort" action on behalf of Decedent against Allied and a products liability claim against Defendant Mack Trucks and John Doe(s) 1-10. Id.

For the purposes of this motion to dismiss, the parties agree on the relevant procedural history. On 22 January 2003, Plaintiffs filed an original claim ("Beasley I") in Cuyahoga County Court of Common Pleas. (Docket No. 6, Exhibit A). The Plaintiffs voluntarily dismissed Beasley I on 22 July 2003. (Docket No. 6, Exhibit B). Approximately one year later, 11 August 2004, Plaintiffs re-filed the same cause of action ("Beasley II") in Cuyahoga Common Pleas Court. (Docket No. 6, Exhibit C). On 20 September 2004, Defendants removed Beasley II to federal court. (Docket No. 6, Exhibit D). The court then dismissed Plaintiffs' claims against Allied on 26 July 2005 pursuant to Federal Rule of Civil Procedure 4(m) which requires that service of a summons and complaint occur within 120 days of filing an action. (Docket No. 6, Exhibit E). Plaintiffs claim that service was obtained on defendant Allied on 22 July 2005 (within the 120 requirement), but the "Return of Service Executed" was not filed with the court until 11 August 2005. (Docket No. 12). Plaintiffs did not indicate this circumstance to the court at the time of the dismissal. On 6 October 2005, Plaintiffs filed a stipulated dismissal without prejudice "as to all parties." (Docket No. 12). Plaintiffs now bring a third action ("Beasley III") on 4 October 2006 (Docket No. 1) to which defendant responds with a motion to dismiss based on a lapsed statute of limitations period. (Docket No. 6).

Allied seeks dismissal of the claims against them on the grounds that Plaintiffs' claims are barred by the two year statute of limitations applicable to intentional torts and do not fall within Ohio's Saving Statute.

Plaintiffs concede, pursuant to Ohio Revised Code § 2305.10, the applicable statute of limitations for their claim is two (2) years.  Ohio Rev. Code Ann. § 2510 (2006); Funk v. Rent-All Mart, Inc., 91 Ohio St.3d 78, 80 (2001).  Plaintiffs' Decedent died on 12 August 2002.  The applicable statute of limitations ran on 12 August 2004, prior to the filing of the present suit.  Therefore, Allied is entitled to dismissal unless the Plaintiffs' action is protected by Ohio's Savings Statute.

The Ohio Savings Statute provides when a plaintiff fails otherwise than upon the merits, he or she "may commence a new action within one year after the date" of the failed action or within the original statute of limitations, whichever is later.  Ohio Rev. Code Ann. § 2305.19(A) (2006).

Plaintiffs argue that the Beasley III action was commenced within the one-year Saving Statute period because the Beasley II action failed on 6 October 2005 when the Plaintiffs filed a stipulated dismissal without prejudice, not on 26 July 2005 when the court dismissed Allied from the action under Federal Rule of Civil Procedure 4(m). (Docket No. 12).  Plaintiffs claim this Court should accept the later date as the starting point for the Saving Statute because Allied had actually been served at the time of the Beasley II dismissal.  Id.  Plaintiffs did not raise this issue with the court at the time of dismissal.  The Plaintiffs further argue that the Savings Statute is a "remedial statute and is to be given liberal construction to permit the decisions of cases upon the merits, rather than on mere technicalities."  Id.

3

In response, the Defendant observes that the Plaintiffs' argument relies almost exclusively upon the policy behind Ohio's Saving Statute and not on any case law that would justify this Court's acceptance of the Plaintiffs' argument.  (Docket No. 13).  The Plaintiffs even concede that the court dismissed Allied from the Beasley II action on 26 July 2005.  (Docket No. 12).

A dismissal under 4(m) constitutes a failure otherwise than upon the merits under the Saving Statute.  Thomas v. Freeman, 79 Ohio St.3d 221 (1997).  The Plaintiffs could have indicated to the Court at the time of dismissal that Allied had in fact been served.  As they did not, the Court rightly dismissed Allied from the Beasley II action on 26 July 2006 and as a consequence, the Plaintiffs were required to re-file the claim within one year of the dismissal or by 26 July 2006.

Since the Plaintiffs cannot avail themselves of the Ohio Saving Statute, the Defendant's motion to dismiss is granted.  Defendant Allied Waste is dismissed from the suit.  The case may proceed with respect to all claims against Defendants Mack Trucks and John Doe(s) 1-10.

IT IS SO ORDERED.

      /s/Lesley Wells
   UNITED STATES DISTRICT JUDGE

Dated: 19 June 2007